UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANDY JUISTER,

    Plaintiff,

v.                                                 Case No:   2:14-cv-104-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff *pro se* Candy Juister, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Widow's Insurance Benefits ("WIB"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed the proper legal standards, the Commissioner's decision is affirmed.

### I.    Issue on Appeal

The sole issue on appeal is whether the ALJ applied the correct legal standards and thus whether substantial evidence supports the ALJ's determination that Plaintiff was not entitled to WIB.

### II.    Statement of Facts

Plaintiff married Martin Frederick Juister on January 29, 1988. Tr. 29. The marriage ended by Mr. Juister's death on January 20, 1991. Tr. 29. Plaintiff then filed for disability benefits based on her own earnings on April 25, 1995 alleging a disability onset date of June 1, 1993. Tr. 12. Plaintiff's claim was denied on

September 1, 2005 because Plaintiff returned to the workforce from 2000-2003 and worked above a level of substantial gainful activity ("SGA"). Tr. 12. Plaintiff testified that she decided not to pursue the 1995 claim because she went back to school, got a job and was making good money. Tr. 73-74. Plaintiff later filed for disability again on October 2, 2003 and was approved for benefits with a disability onset of September 2003. Tr. 12. Plaintiff testified that she subsequently filed for WIB because she would receive more through her deceased husband's benefits than through her own disability benefits. Tr. 78.

### III. Procedural History and Summary of the ALJ's Decision

On February 4, 2010, Plaintiff first filed an application for disabled WIB as she approached the age of fifty. Tr. 10. The Social Security Administration denied Plaintiff's claim initially on May 8, 2010 and upon reconsideration on July 7, 2010. Tr. 33, 38. Plaintiff filed a written request for hearing but her case was dismissed because she failed to appear at the hearing scheduled for November 2010. Tr. 38. Plaintiff re-filed her claim in June 2011. Tr. 40. Her claim again was denied in July 2011 because she was ineligible for WIB. Tr. 44-46. On July 2, 2011, Plaintiff filed a request for hearing. Tr. 51. A hearing was scheduled for November 27, 2012 in Fort Myers, FL. Tr. 62. Plaintiff appeared at the hearing unrepresented and was advised of her right to representation. Tr. 64. Plaintiff opted to proceed without counsel. Tr. 64.

On January 2, 2013, the ALJ issued a decision finding that Plaintiff was not eligible for WIB and denying her claim. Tr. 10-13. The ALJ first determined

whether Plaintiff was properly before him, as her previous claim had been dismissed for failure to appear at her scheduled hearing. Tr. 10. Plaintiff testified during the November 2012 hearing that she never received notice of the prior hearing because her home was in foreclosure and she was unaware of the hearing. Tr. 10, 68-72. The ALJ found that Plaintiff was not at fault for not attending the previous hearing because she never received notice. Tr. 10.

The ALJ next addressed whether Plaintiff is the widow of a deceased worker, has attained the age of 50, is unmarried, and has a disability that began before then end of the prescribed period. Tr. 10. The ALJ found that Plaintiff's prescribed period began on January 20, 1991, the date her husband died. Tr. 11. The prescribed period ended 7 years after the decedent's death or in this case, January 31, 1998. Tr. 10-11. The ALJ found that Plaintiff is the unmarried widow of the deceased insured worker and she has attained the age of 50. Tr. 11. Thus, she had met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act. Tr. 11. The ALJ also found that Plaintiff did not engage in substantial gainful employment during the prescribed period. Tr. 11. Finally, the ALJ found that Plaintiff was not eligible for WIB because Plaintiff's disability did not begin until 12 years after her spouse's death. Tr. 11.

The ALJ also considered whether Plaintiff would be eligible based on her 1995 application for benefits, as this application was filed during the prescribed period. Tr. 12. The ALJ found that since Plaintiff was not found to be disabled at the time

of her 1995 application, she did not meet the requirements of 20 C.F.R. § 404.335(c) and was not eligible for WIB.

Plaintiff alleged that she should be eligible to receive benefits because the law changed in 2009 and now requires her to file within 7 years of the death of her spouse. Tr. 12. Plaintiff stated that this is a new law and it now makes her ineligible to receive WIB. Tr. 12. Plaintiff argued that she should be grandfathered in under the old law. Tr. 73. Moreover, Plaintiff stated that although she let her application lapse, she originally applied for disability during the prescribed period. Tr. 12.

The ALJ noted that the regulations clearly state that in order to be eligible for WIB, the Plaintiff must be at least 60 years old or 50 years old with a disability that began no later than seven years after the death of the insured spouse. Tr. 12. The ALJ found that this regulation even predates Plaintiff's 1995 disability application, and there is nothing in the regulations that provides any exemptions that apply to Plaintiff's factual scenario. Tr. 13. Accordingly, the ALJ found that Plaintiff was not eligible for WIB under 20 C.F.R. § 404.335 and 202(e) and 202(d) of the Social Security Act. Tr. 13.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on December 23, 2013. Tr. 4-6. Accordingly, the ALJ's January 2, 2013 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this Court on February 20, 2014. Doc. 1.

## IV. Social Security Act Eligibility and Standard of Review

A claimant is entitled to WIB when the claimant is at least 60 years old or at least 50 years old and has a disability as defined in 20 C.F.R. § 404.1505 which began before the end of the prescribed period. 20 C.F.R. § 404.335(c); 42 U.S.C. § 402(e). The prescribed period begins on the date of the insured's death and ends eighty-four months (7 years) later. 20 C.F.R. § 404.335(c)(1); 42 U.S.C. § 402(e).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

## V. Discussion

Plaintiff alleges that the ALJ erred in denying her claim for WIB because the law requiring that she have a disability onset within 7 years of her insured husband's

death was not in effect until November 2007.[1]  Doc. 25.  Plaintiff alleges that the change in the law adversely affected her eligibility and that she should be "grandfathered in" under the old law.[2]  Tr. 73-77.  Plaintiff states that she was eligible to receive Social Security benefits through her step-father when she was under 21 because she was grandfathered in under an old law.  Tr. 74-75.  Therefore, Plaintiff states that she should again be grandfathered in so that she is eligible to receive WIB.  Tr. 73-77.  Plaintiff also states that she should receive benefits because she originally applied for disability during the 7-year period but she did not follow through with the claim because she was able to find employment.  Tr. 72-73.

The Commissioner asserts that the ALJ's decision is supported by substantial evidence, because Plaintiff's disability onset was September 2003, over 12 years after her spouse died and over 5 years after the prescribed period.  Doc. 26 at 4.  The ALJ found that the prescribed period began on January 20, 1991 and ended on January 31, 1998.  *Id.*  Thus, the Commissioner argues that the ALJ did not err when he concluded that Plaintiff did not qualify for WIB because she did not have a disability that started within the prescribed period.  *Id.* at 4.  The Commissioner also states that substantial evidence supports the ALJ's determination that Plaintiff did not qualify for WIB based on the 1995 application for disability because Plaintiff must

---

[1] Plaintiff testified during the November 27, 2012 hearing that she was informed that the law changed in November 2009.  Tr. 76.

[2] Plaintiff states that she enclosed with her memorandum the information she received from the law library related to this issue.  Doc. 25 at 1.  The Court, however, did not receive any of Plaintiff's enclosures.

establish that she had a disability that began within the prescribed period and not simply an application within that time. *Id.* at 5.

Additionally, the Commissioner argues that the ALJ correctly found that the requirements for WIB from 1991 through 1998 are the same as the current regulations as it pertains to the requirement that the disability onset be within the 7-year prescribed period. *Id.* at 6. Therefore, Plaintiff should not be grandfathered in because there has been no change to the governing statute or regulation. *Id.*

Here, the Court finds that the ALJ's decision is supported by substantial evidence and he applied the correct legal standards. To establish entitlement to WIB, Plaintiff must establish that she is at least 50 years old and has a disability that started no later than 7 years after her insured husband died. 20 C.F.R. § 404.335(c)(1). Plaintiff's insured spouse passed away on January 20, 1991. Tr. 11. Thus, the prescribed period for Plaintiff's WIB began on that date. *See* 20 C.F.R. 404.335(c). The prescribed period ended 7 years later, on January 31, 1998. *Id.* It is uncontested that Plaintiff is the unmarried widow of a deceased insured worker and that she has attained the age of 50. Additionally, Plaintiff does not contest that she was found disabled as of September 2003. Tr.10, 74. Accordingly, the ALJ correctly concluded that Plaintiff does not meet the requirement that she have a disability that began within the prescribed period. Therefore, Plaintiff is ineligible for WIB.

The Court also finds that the ALJ did not err when he found that Plaintiff does not qualify for WIB simply because she applied for disability during the prescribed

period. Plaintiff applied for disability benefits in 1995 but that claim was later denied, and it was determined that Plaintiff was not disabled at that time. Tr. 12. Thus, Plaintiff cannot establish that she had a disability that begin within the prescribed period on the basis of her 1995 application for disability benefits. Accordingly, Plaintiff is ineligible for WIB as it relates to her 1995 application for disability benefits.

Finally, Plaintiff is ineligible to be grandfathered in under an old law because the law has not changed since her prescribed period began in 1991, and the regulations related to WIB do not provide any basis for her to be grandfathered in based on her factual scenario. Based on the Court's independent research, the 7-year requirement has been in effect since at least 1979. 44 Fed. Reg. 117, 34484 (June 15, 1979).[3] Accordingly, Plaintiff's argument that she is now ineligible because of a change in the law is without merit because the relevant regulation was in effect during the period in which she needed to establish eligibility. There has been no change in the governing statute or regulation since prescribed period began on January 20, 1991. Therefore, the Court finds that the ALJ had substantial evidence to support his determination that Plaintiff does not qualify for WIB and that the regulations do not address any exemptions which would apply to Plaintiff's factual scenario.

---

[3] The Commissioner also provided the Court with a copy of the regulation showing that this requirement was in effect in 1968. *See* Doc. 26-2.

VI. Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not eligible for WIB is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record